# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

TED A. OFF,

     Plaintiff,

v.

UNITED STATES GOVERNMENTS, et al.,

     Defendants.

Case No. 2:09-CV-01525-KJD-LRL

**ORDER**

Currently before the Court is Plaintiff's Motion for Summary Judgment (#6). Defendants (referred to herein as the "Government") filed a Response in Opposition (#7), to which Plaintiff filed a Reply (#8). Also before the Court is Defendants' Motion to Dismiss (#10). Plaintiff filed a Response in Opposition (#13), to which the Government filed a Reply (#4). Additionally listed as a pending Motion on the Court's docket, is Plaintiff's Motion to Set for Hearing (#12). Defendants filed a Response (#17). The Court has considered each of the Motions, together with their respective Responses and Replies, and issues it ruling on each Motion, jointly herein.

## I. Background

On an unspecified date, Plaintiff became a full-time employee with the Colorado Army National Guard ("COARNG"). In May 1994, Plaintiff was in an automobile accident with a "subsequent neck dislocation C6 & C7 vertebrae," and in June 1994, underwent surgery for said injury. On November 9, 1995, while still employed with the Army, Plaintiff received notice of his tentative employment with the United States Postal Service in Aurora, Colorado (Id.) The next day, Plaintiff verbally notified his superiors at the COARNG and the Colorado Army Aviation Support Facility ("COAASF") of his employment with the United States Postal Service ("USPS") and gave his "tentative resignation." (Id.) On January 22, 1996, Plaintiff underwent a physical with the

1    USPS, and in March 1996, submitted a written resignation to the COARNG.  (Id. at 5.)  Plaintiff's

2    employment with the COARNG ended on March 29, 1996.  Plaintiff alleges he began his

3    employment with the USPS on March 29, 1996.  On June 22, 1996, Plaintiff was fired from the

4    USPS for, *inter alia,* not revealing his prior physical injury on his employment application. (Id.)

5         In November 1998, Plaintiff filed two lawsuits in the Federal District Court of Colorado

6    related to what he alleged to be his "wrongful termination".  The first lawsuit was filed against the

7    United States Federal Government, United States Department of the Army, COARNG, COAASF,

8    Maj. Wardall, Michael Uknavage, and John Regan ("first lawsuit").  Ted Allen Off v. U.S. Federal

9    Government, Case No. 1:98-cv-02470-EWN (D. Colo. 1998).   Plaintiff's first lawsuit brought a

10   claim of wrongful discharge against the Army, COARNG, and COAASF related to the 1996

11   termination of his employment with the Army, COARNG, and COAASF.  (See #10 Ex. C at ¶¶

12   6–11.)  In the first lawsuit, Plaintiff specifically averred that "the Defendants supplied a fraudulent

13   document [an SF-50 Notification of Personnel Action] to the U.S. Postal Service stating that the

14   plaintiff was fired from employment. . . ."  (Id. at ¶ 10.)  The District Court of Colorado entered an

15   order on March 22, 1999, dismissing Plaintiff's complaint.

16        The second lawsuit was filed against the United States Federal Government, USPS, Denver

17   Bulk Mail Center, David Medina, and Judith Ford ("second lawsuit").  Ted Allen Off v. U.S. Federal

18   Government, Case No. 1:98-cv-02471-EWN (D. Colo. 1998).  Plaintiff's second lawsuit brought a

19   claim for wrongful discharge against the USPS for actions allegedly involving Plaintiff's failure to

20   disclose his previous neck/back injury as well as the filing of an allegedly "fraudulent" SF-50.  (See

21   Ex. B at ¶¶ 6–10.)  Additionally, as an exhibit to the second lawsuit, Plaintiff attached the SF-50 at

22   issue in the case before this Court.  (See #10 Ex. A.)  As in the first lawsuit, the District Court of

23   Colorado entered an order on March 22, 1999, dismissing Plaintiff's complaint.

24

25

26

1    Plaintiff filed his Complaint in the instant case on August 14, 2009, alleging seven causes of

2  action against USPS, the United States Army[1], the United States Office of Personnel Management,

3  Elaine Kaplan, and Charles D. Grimes III for (1) Falsification of U.S. Government Documents; (2)

4  Wrongful Termination/Discharge (COAASF); (3) Wrongful Termination/Discharge (USPS); (4)

5  Wrongful Termination/Discharge (CORNG); (5) Violation of Civil Rights Due Process; (6) Civil

6  Habeas Corpus; and (7) Violations of the Fair Labor Standards Act ("FLSA").  Plaintiff seeks *inter*

7  *alia* injunctive relief, compensatory and punitive damages, as well as "treble back pay, treble leave,

8  treble retirements, treble time in grade, treble time in service, possible promotion to Senior General

9  Grade, and benefits for military, civilian and postal service."  (Compl. at 13.)

10        **A. Plaintiff's Motion for Summary Judgment**

11        Plaintiff's instant Motion for Summary Judgment (#6) seeks that the Court grant summary

12  judgment and/or default judgment, alleging that the Defendants failed to file a responsive pleading.

13  Plaintiff is mistaken however, as the Defendants had already sought and obtained an extension of

14  time in which to respond to Plaintiff's Complaint.  (See #5, granting Defendants extension through

15  December 15, 2009 in which to file a responsive pleading).  Accordingly, Plaintiff's Motion for

16  Summary Judgment (#6) is denied as moot.

17        **B. Defendants' Motion to Dismiss**

18        Defendants' instant Motion to Dismiss seeks that the Court dismiss Plaintiff's action pursuant

19  to Fed. R. Civ. P. 12(b)(1), (b)(6) and 8(a).  Specifically, Defendants aver that Plaintiff's first claim

20  for relief must be dismissed because it was brought after the two-year statute of limitations had

21  expired for claims brought under the Privacy Act, and for lack of subject matter jurisdiction.

22  Defendants additionally disclaim Plaintiff's second, third, and fourth causes of action under the

23  doctrine of res judicata alleging that said causes of action were already raised in the first and second

24  lawsuits.  Defendants disclaim Plaintiff's fifth and sixth causes of action (for civil rights due process

25

26    [1]Defendants' Motion to Dismiss notes that "[i]n responding on behalf of the United States Army," the Motion is filed on behalf of the "Colorado Army National Guard, Colorado Army Aviation Support Facility."  (#10 at n.1.)

3

1   and civil habeas corpus) alleging that Plaintiff has "not put forth sufficient factual content to allow"

2   liability, and because Plaintiff is "not in custody."  (#10 at 2.)

3   **II. Standard of Law for Motion to Dismiss**

4         Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure

5   to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short

6   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

7   8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

8   detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation

9   of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan

10  v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the

11  speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint

12  must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal,

13  129 S. Ct. at 1949 (internal citation omitted).

14        In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to

15  apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual

16  allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

17  Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

18  statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual

19  allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially

20  plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable

21  inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint

22  does not permit the court to infer more than the mere possibility of misconduct, the complaint has

23  "alleged—but not shown—that the pleader is entitled to relief."  Id. (internal quotation marks

24  omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,

25  plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

26

1    **III. Analysis**

2        **(A) Falsification of U.S. Government Documents**

3        Plaintiff's first claim is brought under the Privacy Act, alleging that "U.S. Government

4    Documents" were falsified, (Compl. at 7) and that the SF-50 was "falsified and developed to render

5    plaintiff unemployable with the U.S. Government." (Id.)

6        Defendants aver that Plaintiff's Privacy Act claim should be dismissed as to Defendants

7    Elaine Kaplan ("Kaplan") and Charles D. Grimes ("Grimes") because "[a] civil action under the

8    Privacy Act is properly filed against an "agency" only, and not against an individual, a government

9    official, an employee, or the United States." (See #10 at 13)(citing 5 U.S.C. § 552a)g)(1).  The Court

10   agrees, and finds that Plaintiff's claims against Kaplan and Grimes should be dismissed as they are

11   not proper defendants under the Privacy Act.  See Schowengerdt v. Gen. Dynamics Corp., 823 F.2d

12   1328, 1340 (9th Cir. 1987).

13       Additionally, Defendants aver that Plaintiff's Privacy Act claim is barred by the two-year

14   statute of limitations.  The Court agrees.  Title 5 U.S.C. § 552a(g)(5) provides in relevant part: "[a]n

15   action to enforce any liability created under this section may be brought in the district court . . .

16   within two years from the date on which the cause of action arises . . . ."  A cause of action "arises"

17   under 5 U.S.C. § 552a(g)(1)(C) when the plaintiff "knows or has reason to know of the alleged

18   violation."  Rose v. U.S., 905 F.2d 1257, 1259 (9th Cir. 1990).  Because Plaintiff attached the SF-50

19   to at least one of the complaints he filed on November 12, 1998, Plaintiff knew or had reason to

20   know of the allegedly incorrect SF-50 at that time.  Accordingly, Plaintiff's current Privacy Act

21   claims are untimely and must be dismissed.

22       Plaintiff's Privacy Act claims are also barred by the doctrine of res judicata because Plaintiff

23   knew of the allegedly incorrect SF-50 at the time he filed his 1998 lawsuits, and the Privacy Act

24   claims could have been brought as a part of his prior 1998 lawsuits alleging wrongful termination

25   due to a "fraudulent document [sent] to the U.S. Postal Service stating that the plaintiff was fired

26

5

1  from employment and the Army Aviation Support Facility which subsequently cause (sic) the U.S.

2  Postal Service to fire the Plaintiff." (See #10 Ex. B at ¶ 6.)

3  **(B) Wrongful Termination/Discharge**

4  As stated above, Defendants aver that Plaintiff's current claims for wrongful termination are

5  barred by the doctrine of res judicata. "Res judicata, or claim preclusion, prohibits any lawsuits on

6  any claims that were raised or could have been raised in a prior action." Stewart v. U.S. Bancorp,

7  297 F.3d 953, 956 (9th Cir. 2002) (citations and internal quote marks omitted). "Res judicata applies

8  when the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a

9  final judgment on the merits, and (3) involved identical parties or privies." Mpoyo v. Litton Electro-

10  Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) (citation omitted). In discussing the doctrine of res

11  judicata, the Ninth Circuit has noted:

12  > The doctrine of res judicata provides that a final judgment on the merits bars further
claims by parties or their privies based on the same cause of action. The application
13  > of this doctrine is central to the purpose for which civil courts have been established,
the conclusive resolution of disputes within their jurisdiction. Moreover, a rule
14  > precluding parties from the contestation of matters already fully and fairly litigated
conserves judicial resources and fosters reliance on judicial action by minimizing the
15  > possibility of inconsistent decisions. The doctrine of res judicata is meant to protect
parties against being harassed by repetitive actions.

16  Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077

17  (9th Cir. 2003) (citations and internal quotation marks omitted). "When considering the preclusive

18  effect of a federal court judgment, we apply the federal law of claim preclusion." First Pacific

19  Bancorp, Inc. v. Helfer, 224 F.3d 1117, 1128 (9th Cir. 2000) (citation omitted). A final federal court

20  judgment on the merits bars a subsequent action between the same parties involving the same cause

21  of action. Id.

22  In his two lawsuits filed in Colorado, Plaintiff alleged wrongful discharge against the Army

23  and the USPS. Pursuant to the doctrine of res judicata, all of the claims that Plaintiff brought, or

24  could have brought, as a part of his prior lawsuits are barred from being brought in the instant case.

25  See Stewart, 297 F.3d at 956; Mpoyo, 430 F.3d at 987. In 1998 and here, Plaintiff's claims for

26

1   wrongful discharge are for the same allegedly falsified SF-50 and for Plaintiff's failure to disclose his

2   pre-existing neck/back injury on his application for employment with the USPS.  Accordingly, the

3   Court finds that Plaintiff's claims are barred because the instant action involves the same wrongful

4   discharge claims as were brought in the 1998 Colorado lawsuits, judgment was entered in said

5   lawsuits in favor of Defendants, and the lawsuits involved the same parties or their privies.

6           **(C) Violation of Civil Rights Dues Process**

7           Defendants aver that Plaintiff's fifth claim for relief should also be dismissed because it fails

8   to meet the pleading requirements set forth in Fed. R. Civ. P. 8(a).  The Court agrees.  As stated

9   above, in Iqbal, the Supreme Court held that "[a] claim has facial plausibility when the plaintiff

10  pleads factual content that allows the court to draw the reasonable inference that the defendant is

11  liable for the misconduct alleged", and that "[n]aked assertions devoid of factual enhancement do not

12  suffice.  129 S.Ct. 1937, 1949 (2009).

13          Plaintiff's fifth claim for relief alleges violations of his civil and due process rights, yet fails

14  to name a single federal employee who acted in an individual capacity to deny Plaintiff an

15  established constitutional right.  Plaintiff's claim asserts only that a "[s]tatement by Defendant that

16  Plaintiff was fire (sic) verbally to the USPS and Plaintiff was not allowed in any way to defend

17  himself violates his civil rights of Due Process by denying Life, Liberty and Property, Employment is

18  all three." (Compl. at 11.)  These allegations lack sufficient factual content to allow the Court to

19  draw the inference that any specific federal employee has violated Plaintiff's constitutional "civil

20  rights" or "due process."  Accordingly, Plaintiff's fifth claim for relief fails pursuant to Rule 8 and

21  must be dismissed.

22          Defendants additionally aver that Plaintiff's fifth claim for relief is also insufficient to plead a

23  claim under Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971),

24  and must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) "because it does not fall within an

25  established exception to or waiver of sovereign immunity." (#10 at 19.)   The Court agrees.

26

1    As previously touched upon, Plaintiff's pleadings fail to identify any specific federal official

2 acting in an individual capacity to deny Plaintiff a clearly established right under the Constitution.

3 The <u>Bivens</u> remedy exists solely against federal officials, not against the United States or its

4 agencies.  See <u>Kreines v. United States</u>, 33 F.3d 1105, 1109 (9th Cir. 1994).  Additionally, the statute

5 of limitations on any <u>Bivens</u> action is governed by the forum state's personal injury statute.  See <u>Papa</u>

6 <u>v. United States</u>, 281 F.3d 1004, 1009 (9th Cir. 2002).  N.R.S. § 11.190(4) provides for a two-year

7 statute of limitations on personal injury claims.  As stated above, Plaintiff's instant claim dates back

8 to actions which allegedly took place in 1996, and any <u>Bivens</u> claim would had to have been filed

9 within two years.

10    **(D) Habeas Corpus**

11    Defendants also aver that Plaintiff's sixth claim for relief citing 28 U.S.C. § 2254(e)(2)(B)

12 must be dismissed as it is completely inapposite in the instant case because Plaintiff is not in custody.

13    Plaintiff's Response in Opposition argues that "Civil Habeas Corpus pertains to all other

14 person (sic) not just ones incarcerated."  (#13 at 3.)  Plaintiff is incorrect.  By its plain language, 28

15 U.S.C. § 2254(e) requires a "person to be in custody pursuant to the judgment of a state court" for

16 Section 2254(e)(2)(B) to apply.  Plaintiff is not in custody, and does not allege that he is in custody in

17 his Complaint.  As such, Plaintiff's claim must be dismissed for a lack of subject matter jurisdiction

18 and failure to state a claim upon which relief can be granted.

19    **(E) Fair Labor Standards Act**

20    Defendants also disclaim Plaintiff's seventh cause of action, arguing that the statute of

21 limitations on a Fair Labor Standards Act claim is two years.  (#10 at 21)(citing 29 U.S.C. § 255(a).

22 The Court agrees.

23    Plaintiff's seventh claim for relief seeks pay dating back to the termination of his employment

24 with the Army and USPS in 1996, and is untimely by more than a decade.  Moreover, said claim for

25 backpay could have been brought as part of Plaintiff's first and second lawsuits, as it is seeking pay

26 allegedly owed from Plaintiff's past employment with the Army and USPS in 1996.

8

1    Plaintiff's employment with the Army ended in March 1996.  (See Compl. at 5.)  Plaintiff's

2  employment with the USPS ended in June 1996.  (Id.)  Because Plaintiff did not bring his Fair Labor

3  Standards Act claim against the Army by March 1998, all such claims are barred.  Likewise, since

4  Plaintiff failed to bring his claim against the USPS by June 1998, his Fair Labor Standards Act claim

5  against the USPS is also barred.

6  **IV. Conclusion**

7    Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment

8  (#6) is **DENIED**.

9    **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (#10) is **GRANTED**.

10  Judgment to be entered on behalf of Defendants.

11    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Set for Hearing (#12) is **DENIED**,

12  as moot.

13    DATED this 27th day of September, 2010.

14

15

16    _____

17    Kent J. Dawson
      United States District Judge

18

19

20

21

22

23

24

25

26